# United States Bankruptcy Court
# District of Massachusetts

| | |
|---|---|
| In re:              ) | Chapter 13 |
|                     ) | Case No. 05-60106 |
| DONNA M. ELLIS,     ) | |
|                     ) | |
|         Debtor      ) | |
|                     ) | |

## MEMORANDUM OF DECISION

Before the Court is the "Debtor's Objection to Proof of Claim filed by Midland States Life Insurance Company" (the "Objection") filed by Donna M. Ellis (the "Debtor"). The contested issue is whether a default judgment obtained against the Debtor in state court may be collaterally attacked, through the bankruptcy claims objection process, on grounds that the underlying claim is void as against public policy.

I.   FACTS AND TRAVEL OF THE CASE

The material facts are uncontested.

In November of 1993, the Debtor purchased a winning lottery ticket issued by the Commonwealth of Massachusetts Lottery Commission. That ticket entitled the Debtor to receive twenty annual lottery payments of $81,327 ($54,590 after deduction of taxes).

In 1997, the Debtor signed a promissory note in favor of Capulet Corporation ("Capulet") in the amount of $210,000 at an annual interest rate of 23.65%, payable in eight annual installments of $53,900. The Debtor also attempted to grant a security interest

1

in her annual lottery payments as security for the obligation to Capulet. The promissory note and associated security agreement both contained choice of law and venue provisions stating that Colorado law was to govern the terms of the note and that any related action was to be brought in the State of Colorado. The promissory note, security agreement and a related loan agreement were subsequently assigned to Midland States Life Insurance Company ("Midland").

The Debtor apparently defaulted on her payments to Midland, and Midland brought suit against the Debtor in Denver, Colorado in January of 2001. The Debtor failed to appear or to respond to the complaint, and a default judgment for $295,103.01 was entered against her. The Debtor did not appeal that judgment, nor did she file a motion to vacate or reconsider the judgment. Thereafter, Midland filed a complaint in the Massachusetts Superior Court, Berkshire County, to domesticate the Colorado judgment. The Debtor again failed to appear or respond, and the Berkshire Superior Court entered default judgment against the Debtor for $295,860.01. Again, the Debtor chose not to appeal and has not filed a motion to vacate or reconsider the judgment.

On December 7, 2005, the Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code),[1] and Midland filed a timely proof of claim for $411,894.66. Although Midland claimed a security interest in the Debtor's lottery proceeds, this Court has previously ruled that the security interest is unenforceable, see In re Fraden, 317 B.R. 24 (Bankr. D. Mass. 2004), and Midland agrees that its claim, if any, is a general unsecured claim.

---

[1] See 11 U.S.C. §§ 101 et seq.

2

The Debtor has now filed an objection to Midland's proof of claim, arguing that "Midland's claim, *in total*, was unlawful, unenforceable, against public policy, and violative of several laws . . . ." (emphasis added) and is barred by the doctrine of *in pari delicto*. The Debtor tells a disturbing story – that Capulet flew her to Colorado at its expense and had the Debtor sign loan documents there, specifically to avoid the effect of the Massachusetts anti-assignability statute,[2] and asked the Debtor to tell no one of its strategy. At a hearing on the Objection, Midland argued that the Court should not consider the issues raised by the Debtor regarding the enforceability of the claim in light of public policy, as the Colorado and Massachusetts default judgments are *res judicata* as to the existence of the debt. This Court then took the matter under advisement "to consider the limited questions of whether the Colorado and Massachusetts judgments are susceptible to collateral attack on public policy grounds."

II.  POSITIONS OF THE PARTIES

The Debtor argues that it is within this Court's equitable powers to look behind the Colorado and Massachusetts judgments and to review the objection to claim, particularly because the Debtor's attack is grounded in public policy concerns. Furthermore, relying principally on cases discussing the applicability of issue preclusion to default judgments, the Debtor says the default judgment cannot be *res judicata* as to the enforceability of

---

[2] Under Massachusetts law in effect at the time the promissory note and security agreement were signed, voluntary assignments of lottery prizes, including the pledge of a lottery prize as collateral under a promissory note, were invalid and unenforceable. Mass. Gen. L. ch. 10, § 28; see also In re Fraden, 317 B.R. at 35-37.

3

Midland's claim in the Debtor's bankruptcy case, because the issues raised in the Objection were never "actually litigated" in the Colorado state action.

Midland says that the Debtor's issue preclusion argument misses the mark, since issue preclusion principles are inapplicable here. Midland argues that 28 U.S.C. § 1738 ("§ 1738"), promulgated pursuant to the Full Faith and Credit Clause of the United States Constitution, requires this Court to give the Colorado judgment the same preclusive effect that a Colorado court would provide. According to Midland, Colorado courts would find the default judgment *res judicata* as to the existence of the debt and, therefore, this Court may not entertain the Debtor's most recent challenges to the Midland claim.

Midland further argues that 28 U.S.C. § 1257 ("§ 1257") divests this Court of subject matter jurisdiction to determine the validity of Midland's claim. According to Midland, the Debtor's Objection is an impermissible attempt to have this Court sit as an appellate Court with regard to the Colorado judgment. Midland maintains that § 1257, as explicated through the Rooker-Feldman doctrine, prevents this Court from effectively negating the state court judgment.

III.   DISCUSSION

   A.   **The Rooker-Feldman Doctrine**

In some relatively rare circumstances, a federal court (with the exception of the Supreme Court) will have no jurisdiction, pursuant to 28 U.S.C. § 1257, over certain claims brought by a party to previous state court proceeding. Section 1257 provides that review of "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had" is solely within the province of the Supreme Court. Thus, by implication, the

4

lower federal courts have no jurisdiction over federal claims that are essentially appeals of state court decisions. Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 21 (1st Cir. 2005).[3] This concept is most commonly referred to as the "Rooker-Feldman doctrine" – taking its name from two Supreme Court cases in which § 1257 was found to render lower federal courts without jurisdiction over claims by parties to previous state court proceedings. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005).

After Rooker and Feldman were decided, the doctrine began to evolve beyond the scope apparently intended by the Supreme Court. Thus, in Exxon Mobile v. Saudi Basic Industries, the Supreme Court clarified the contours of the Rooker-Feldman doctrine:

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers *complaining of injuries caused by state-court judgments* rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine . . . .

544 U.S. at 284 (emphasis added); see also Federacion de Maestros, 410 F.3d at 23-24.

The Exxon Court was also careful to emphasize that § 1257 does *not*

> stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."

---

[3] The bar against appellate review of state court decisions also extends to decisions of lower state courts, as explained in Hill v. Town of Conway, 193 F.3d 33, 40-41 (1st Cir. 1999).

5

Id. at 293 (quoting GASH Assocs. v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)). The question, then, is whether the Objection is actually an attempt to appeal the Colorado judgment, rendering this Court without jurisdiction to decide the issue, or whether the Objection is an independent claim over which this Court retains jurisdiction.

Section 502 of the Bankruptcy Code ("§ 502") governs the allowance of claims in a bankruptcy case. Pursuant to that section,

>  (a)  A claim or interest, proof of which is filed under section 501 . . ., is deemed allowed, unless a party in interest . . . objects.
>
>  (b)  . . . [I]f such an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . ., and shall allow such claim in such amount, except to the extent that –
>
>  >  (1)  such claim is unenforceable against the debtor and property of the debtor, under . . . applicable law . . . .
>
>  . . .

11 U.S.C. § 502(a), (b). While the phrase "applicable law" refers to state or federal law that would govern the existence of a debt (or other claim) outside the bankruptcy context, "[t]he concept of allowability of claims is exclusively a bankruptcy concept. The allowability of claims is governed by the rules contained in section 502 and is primarily within the province of the bankruptcy court to adjudicate." Collier on Bankruptcy (15th ed. rev.) ¶ 502.02[1]; see also S.G. Phillips Constr., Inc. v. City of Burlington, Vermont (In re S.G. Phillips Constr., Inc.), 45 F.3d 702, 705 (2d Cir. 1995) (quoting In re BKW Sys., Inc., 66 B.R. 546, 548 (Bankr. D.N.H. 1986)) ("'Nothing is more directly at the core of bankruptcy administration . . . than the quantification of all liabilities of the debtor,' the bankruptcy court's determination whether to allow or disallow a claim is a core function."); see also Cox v. Cox (In re Cox), 247 B.R. 556, 565, 570 (Bankr. D. Mass. 2000) ("The *treatment* of [a] claim as determined by [another court] is the province of [the bankruptcy] court.") (emphasis added).

Through the Objection, the Debtor seeks a determination that the promissory note is unenforceable against the Debtor because enforcement would be against public policy. The balance of the Debtor's arguments are not directed toward the default judgment obtained in Colorado, but toward the actions of Midland and its predecessor in interest, Capulet, in the formation and execution of the promissory note and security interest. Thus, although the Debtor seeks to "deny a conclusion" reached by the state court, she does not "rest[ ] on allegations that the state-court proceedings or judgment violated federal law, or that the judgment itself inflicted an injury." Bolden v. City of Topeka, Kansas, 441 F.2d 1129, 1138 (10th Cir. 2006). Instead, she asserts a "claim" – the objection filed in accordance with the Bankruptcy Code and rules[4] – that is independent of the state court judgment. Therefore, even though sustaining the claim would deny the legal conclusion reached by the Colorado state court, under Exxon, the Court retains jurisdiction over the Objection to Midland's claim.

### B. Preclusion Principles

Although this Court retains jurisdiction to determine the allowability of Midland's claim, § 502 and § 1738, the Full Faith and Credit Statute, require this Court to give due deference to the Colorado judgments according to applicable preclusion principles. § 502(b)(1) requires this Court to look to non-bankruptcy law in determining the validity of Midland's claim, and under § 1738, ". . . judicial proceedings of any court of any [ ] State . . . shall have the same full faith and credit in every court within the United States . . . as they

---

[4] See Federal Rules of Bankruptcy Procedure 3001-3002, 3007.

7

have by law or usage in the courts of such State."[5] Quite simply, this means that this Court must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Migra v. Warren City Bd. of Educ., 465 U.S. 75, 81 (1984) (quoting Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982)); see also Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985).

Two distinct preclusion principles are raised by the parties in their submitted briefs: claim preclusion (or *res judicata*) and issue preclusion.[6] As this Court has previously noted,

> The Supreme Court has defined the distinction between these two concepts as follows:
>
> > Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation on the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

---

[5] Midland correctly notes that § 1738 was passed to effectuate the Full Faith and Credit Clause, Article IV, paragraph 1 of United States Constitution, which provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. . . ." However, it is not the Constitutional mandate of full faith and credit that governs how the federal courts must treat state court judgments, since the clause refers only to the States. Instead, the Full Faith and Credit *statute*, § 1738, requires full faith and credit to be given in *every court*, thus requiring the federal courts to defer to state court judgments accordingly.

[6] It is not uncommon for courts (including this one), to refer to both preclusion concepts as falling under the broad rubric of "res judicata." See Migra, 465 U.S. at 77 n.1; Moore v. Murphy (In re Murphy), 297 B.R. 332, 347 (Bankr. D. Mass 2003). This has led to some confusion, however, given that the term "res judicata" is also used to refer specifically to claim preclusion, while the term "collateral estoppel" refers specifically to issue preclusion. Id. In an attempt to avoid this confusion, the Court will hereafter attempt to restrict its terminology solely to "claim preclusion" and "issue preclusion." However, references to res judicata are made in the traditional, narrow sense to refer only to claim preclusion.

8

New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001).

In re Murphy, 297 B.R. at 347. The Debtor is correct in asserting that default judgments are often insufficient to later preclude litigation of a particular issue of fact or law, since the issue would not have been "actually litigated" and would not have been "essential to the prior judgment." Arizona v. California, 530 U.S. 392, 414 (2000) (citing Restatement (Second) of Judgments § 27, cmt. e at 257). But this Court need not, indeed cannot, look further into the particular issues raised by the Debtor in the Objection. The Debtor is seeking to relitigate the validity of the entire claim. Thus, the applicable doctrine is not issue preclusion, but claim preclusion. See In re Brennan, 275 B.R. 172, 175-76 (Bankr. D. Mass. 2002).

Under Colorado law, claim preclusion "not only bars litigation of issues actually decided, but also any issues that could have been raised in the first proceeding but were not. Unlike issue preclusion, claim preclusion does not require actual litigation." Cruz v. Benine, 984 P.2d 1173, 1176 (Colo. 1999) (citations omitted). Claim preclusion will apply where there is:

(1) finality of the first judgment,

(2) identity of subject matter,

(3) identity of claims for relief, and

(4) identity or privity between parties to the actions.

Id.; see also Argus Real Estate, Inc. v. E-470 Pub. Hwy Auth., 109 P.3d 604, 608 (Colo. 2005). Here, all four of these factors are met.[7] The default judgment obtained in Colorado is considered final for purposes of claim preclusion. Aspen Plaza Co. v. Garcia, 691 P.2d

---

[7] Of course, the Colorado proceedings must also have met the minimum requirements of procedural due process, Kremer, 456 U.S. at 482 &n.24, but there is no evidence or argument that those standards have not been met.

9

763, 764 (Colo. App. 1984); see also Riehle v. Margolies, 279 U.S. 218, 225 (1929) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default."). The subject matter and claims for relief are the same, i.e., the existence and amount of Midland's claim on the promissory note signed by the Debtor. And the parties are identical.

The defenses to the judgment entered against the Debtor therefore cannot be raised before this court. If the requirements for claim preclusion are met, the judgment "precludes a claim 'not only as to issues actually resolved, but to all matters germane to the general issue which could or might have been litigated therein.'" Prospero Assoc. v. Burroughs Corp., 714 F.2d 1022, 1027 (10th Cir. 1983) (quoting Ballas v. Cladis, 447 P.2d 224, 228 (Colo. 1969), cert. denied, 395 U.S. 921 (1969)); see also Argus Real Estate, 109 P.3d at 608. The issues raised in the Objection could have, and should have, been raised before the Colorado court. They were not. Thus, "claim preclusion bars the Debtor from raising defenses to the underlying indebtedness represented by the Judgment." In re Murphy, 297 B.R. at 347; see also In re Hall, 31 B.R. 148, 150 (Bankr. D. Okla. 1983) ("That judgment exists. It is there. The fact that it was obtained by default does not concern us....").

The Debtor argues, however, that this Court's equitable powers allow it to ignore basic principles of claim preclusion, because the matter at hand raises important issues of public policy which, if raised before the Colorado court, would have resulted in a finding that the promissory note was unenforceable against the Debtor. But any purported errors in the Colorado judgment *must* be attacked by direct review of that judgment and may not be collaterally attacked here. See Bryant v. United States, 71 F.Supp.2d 233, 236 n.4 (S.D.N.Y. 1999) (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981);

10

Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376 (1939); Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 325 (1927)). The "doctrine of *res judicata* serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case." Moitie, 452 U.S. at 401, and decisions of the Supreme Court "support no roving 'public policy exception' to the full faith and credit due judgments." Baker v. Gen. Motors Corp., 522 U.S. 222, 233 (1998).

IV.    CONCLUSION

Although this Court retains jurisdiction over the Debtor's Objection to Midland's claim for the purpose of determining the amount and allowability of the claim, the prior judgment entered against the Debtor, to which no defenses were raised and from which no appeal was made, precludes this Court from considering public policy defenses to the enforcement of the claim against the debtor. Accordingly, the Objection to Midland's claim will be OVERRULED. A separate order in conformity with this memorandum shall issue forthwith.

DATED: June 21, 2006

By the Court,

_____
Henry J. Boroff
United States Bankruptcy Judge

11

# United States Bankruptcy Court
# District of Massachusetts

|  |  |
|---|---|
| In re: ) | Chapter 13 |
| ) | Case No. 05-60106 |
| DONNA M. ELLIS, ) | |
| ) | |
| Debtor ) | |

## ORDER

For the reasons set forth in this Court's Memorandum of Decision of even date, the "Debtor's Objection to Proof of Claim filed by Midland States Life Insurance Company" is OVERRULED.

DATED: June 21, 2006

By the Court,

_____
Henry J. Boroff
United States Bankruptcy Judge

1